IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>**[2] CARLOS FIGUEROA-CARDONA**<br>a/k/a "El Primo"<br>a/k/a "Charlie"<br>Defendant. | CASE NO. 00-008(DRD) |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorneys, and before this Honorable Court, very respectfully states and prays as follows:

1. On April 5, 2002, the Honorable Court sentenced defendant to ninety six (96) months of imprisonment followed by four (4) years of supervised release (Dkt. No. 231), pursuant to a Plea Agreement with the United States which was filed on November 1, 2001 (Dkt. No. 189).

2. In September of the year 2006 the defendant began his term of supervised release. He has completed about one and a half years.

3. On March 6, 2008, the defendant filed a motion requesting early termination of his supervised release (Dkt. No. 278).

4. In support of his claim, defendant avers that he has complied with the conditions of his supervised release, and has benefitted from the "educational" and "vocational" training, as well as the "correctional" treatment provided by the Probation Office and the Bureau of Prisons. Defendant believes that "he is completely rehabilitated and has no further need of supervision".

**ARGUMENT IN OPPOSITION**

The United States respectfully submits its opposition against the early termination of supervised release for the following reasons: First, this defendant was convicted of a conspiracy to possess with intent to distribute Heroin, which is a serious offense and one of the most prevalent problems in the community of Puerto Rico. In the Pre-sentence Investigation Report approved by this Court clearly states that this defendant was part of a drug smuggling organization between May 1997 and August 1998. This organization was headed by co-defendant Luis Rodríguez Cortés. The organization was responsible for the smuggling of more than ten (10) kilograms of Heroin from Bogota, Colombia to San Juan, Puerto Rico. The *modus operandi* of this organization was to use body carriers ("mules") for the importation of Heroin to Puerto Rico. Defendant Carlos Figueroa Cardona, acted as **co-leader** with Rodríguez Cortés, as he was the Puerto Rico base chief. Figueroa Cardona was the main recipient of Heroin in Puerto Rico for further distribution island wide, and he was armed during the commission of the offense.

Four (4) years of supervised release adequately promotes **deterrence of such criminal conduct**, while providing at the same time for the **protection of the community** from further crimes of this nature. See, U.S. v. Jeanes, 150 F.3d 483, 485 (5th Cir. 1998) ("*Jeanes* 'is a convicted felon, and certain consequences flow from the choices he has made.' *See* 18 U.S.C. § 3553(a)(2)(B) (noting that district court must consider whether its decision will 'afford adequate deterrence to criminal conduct')." In this case, the defendant was the Puerto Rico co-leader of a drug smuggling organization based in Colombia, Bogotá. The organization had great financial resources and connections within Puerto Rico. For those reason, our community should remain protected from such criminal conduct, through adequate supervision of this offender and until completion of his supervised release.

Second, the defendant received all potential benefits in this case through the consideration and approval of a Plea Agreement with the United States. According to the Indictment he was facing life imprisonment. Instead, he received, in accordance with the terms of the Plea Agreement, ninety six (96) months of imprisonment for pleading guilty to Count 1 and the dismissal of Count 2. As such, defendant's request for early termination of supervised release is without merit and unwarranted under these circumstances.

WHEREFORE, the United States of America respectfully requests that defendant's motion for early termination of supervised release under Title 18, United States Code, Section 3583(e)(1) be denied by this Honorable Court under the provisions of Title 18, United States Code, Section 3553(a) et. seq.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 13th day of March, 2008.

Rosa Emilia Rodríguez-Vélez
United States Attorney

s\Ilianys Rivera Miranda
Ilianys Rivera Miranda - 223006
Assistant U.S. Attorney
Torre Chardon, Room 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
Tel. (787) 766-5656
Ilianys.Rivera@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to notify the counsels of record.

      At San Juan, Puerto Rico, this 13th day of March 2008.

      s\Ilianys Rivera Miranda
      Ilianys Rivera Miranda - 223006
      Assistant U.S. Attorney